# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DEAN L. AMSPACHER, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-17-324 |
| BUILDING SYSTEMS TRANSPORTATION COMPANY, | * | |
| Defendant and Third-Party Plaintiff, | * | |
| v. | * | |
| CHAD WOLF, | * | |
| Defendant and Third-Party Plaintiff, | * | |
| v. | * | |
| SNAVELY & DOSCH, INC., | * | |
| Third-Party Defendant. | * | |
| v. | * | |
| GLENN L. HINKLEY, | * | |
| Third-Party Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Dean L. Amspacher, Jr. ("Plaintiff") sued Defendants and Third-Party Plaintiffs Building Systems Transportation Company and Chad Wolf (collectively, "Defendants/Third-Party Plaintiffs") for injuries allegedly sustained in an automobile accident on September 14, 2014. [ECF No. 1]. Defendants/Third-Party Plaintiffs sought leave to file a third-party

complaint on October 13, 2017, [ECF Nos. 33, 34], which this Court granted on October 20, 2017, [ECF No. 36]. On November 1, 2017, Defendants/Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants Snavely & Dosch, Inc. and Glenn L. Hinkley (collectively, "Third-Party Defendants"). [ECF No. 37].

Presently pending is the Motion to Dismiss the Third-Party Complaint and Request for Hearing ("Motion"), filed jointly by Third-Party Defendants. [ECF No. 45]. I have reviewed the Motion, Defendants'/Third-Party Plaintiffs' Reply to Third-Party Defendants' Motion to Dismiss ("Response"), [ECF No. 49], and Third-Party Defendants' Reply to Third-Party Plaintiffs' Opposition to the Motion ("Reply"), [ECF No. 52]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth herein, Third-Party Defendants' Motion will be GRANTED.

## I. BACKGROUND

In his Complaint, Plaintiff alleged that, on September 14, 2014, while he was operating his vehicle in Port Deposit, Maryland, his vehicle was struck by a truck owned by Building Systems Transportation Company and operated by Mr. Wolf. [ECF No. 1 ¶ 5]. According to the Complaint, "Plaintiff sustained injuries to his right shoulder, requiring extended medical treatment, diagnostic tests, surgery upon the right shoulder, [] physical therapy for the right shoulder . . . [and] sustained wage loss, incurred pain and suffering, and loss of life's pleasures, as well as undergoing mental stress and anxiety . . . ." *Id.* ¶¶ 8-9. Additionally, Plaintiff alleged that he "incurred medical bills, may sustain a future wage loss[,] and may incur future medical bills as a result of the injuries sustained in [the] accident." *Id.* ¶ 10.

Just fifteen days after the accident at issue, on September 29, 2014, Plaintiff alleges that he suffered an unrelated automobile accident in Pennsylvania. [ECF No. 37 ¶ 3]; *see also* [ECF No. 45 ¶ 2]. In the Court of Common Pleas of Lancaster County, Pennsylvania, Plaintiff alleged

that, on September 29, 2014, while he was operating his vehicle in Colerain Township, Pennsylvania, his vehicle was struck by a truck owned by Snavely & Dosch and operated by Mr. Hinkley. [ECF No. 33, Ex. A at 4-5]. Plaintiff further alleges that, as a result of the September 29, 2014 accident, he sustained injuries to "his head, . . . his shoulder, . . . his left right arm above the head, sharp pain above his hip on the right side, a concussion, neck pain, pain across the shoulders, a broken left arm, a broken left wrist, injuries to his right knee, and other serious and permanent injuries." *Id.* at 6. Moreover, Plaintiff alleges damages resulting from medical expenses, "severe pain, mental anguish, humiliation[,] . . . loss of life's pleasures, . . . severe loss of earnings and an impairment of his earning power." *Id.* at 7. After discovering the existence of the second accident and the Lancaster County case, on November 1, 2017, Defendants/Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants, seeking indemnification and contribution for any damages resulting from Plaintiff's claims in this Court. [ECF No. 37].

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 14(a), a defendant may, as a third-party plaintiff, bring suit against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Third-party procedure seeks to "prevent circuity of action by drawing into one proceeding all parties who may become ultimately liable . . . ." *American Export Lines v. Revel*, 262 F.2d 122, 124 (4th Cir. 1958). By doing so, the parties may "save the time and cost of duplicating evidence and [] obtain consistent results from identical or similar evidence, as well as [] avoid the serious handicap of a time lag between a judgment against the original defendant and a judgment in his favor against the third-party defendant." *Id.* (citation omitted). When a third-party claim is improper, "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

3

Courts have held that a third-party claim must be "derivative" of the original plaintiff's claim. *See, e.g.*, *Scott v. PPG Indus., Inc.*, 920 F.2d 927, No. 89-2362, 1990 WL 200655, at *3 (4th Cir. 1990) (unpublished table decision) (per curiam) ("We repeat that the third-party claim must be 'derivative' of the plaintiff's claim for '[d]erivative liability is central to the operation of Rule 14.'") (citing *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)); *Crowley v, BWW Law Grp., LLC*, RDB-15-607, 2016 WL 4611275, at *5 (D. Md. Sept. 6, 2016) ("In order to implead a third party under Rule 14(a), this Court has previously held that the third-party plaintiff's claim must be 'derivative' of the plaintiff's claim.") (citation omitted); *L'Occitane, Inc. v. Tran Source Logistics, Inc.*, Civil No. WMN-09-2499, 2010 WL 761201, at *5 (D. Md. Mar. 2, 2010) ("It is settled beyond dispute that a third party claim can be maintained only if the liability it asserts is in some way derivative of the main claim.") (citation omitted). Proper third-party claims generally "involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." *Watergate*, 117 F.R.D. at 578. A third-party claim, however, is not proper where the third-party plaintiff "says, in effect, 'It was him, not me.'" *Id.*; *see also Crowley*, 2016 WL 4611275, at *5 ("[A] third-party complaint is not appropriate where a defendant merely attempts to deflect blame onto another person . . . ."). In assessing third-party claims, this Court may consider several factors, including "the introduction of unrelated issues or the undue complication of the original suit." *Crowley*, 2016 WL 4611275, at *5.

As an initial matter, the Third-Party Complaint in the instant case does not "involve any kind of derivative or secondary liability, nor could it." *L'Occitane*, 2010 WL 761201, at *4. Defendants/Third-Party Plaintiffs concede that Third-Party Defendants "were not involved in the

September 14, 2014 accident," which form the basis of the claims in Plaintiff's Complaint. [ECF No. 49 ¶ 9]. Notably, in their Response, Defendants/Third-Party Plaintiffs cite to *Donaldson v. United States Steel Corp.*, where the federal district court denied impleader after the defendant and third-party plaintiff argued "that it [was] not liable to the plaintiff for the injuries he received, but rather that the injuries were caused by a totally independent occurrence, and that therefore liability should rest squarely on shoulders of the third-party defendants." 53 F.R.D. 228, 230 (W.D. Pa. 1971). In doing so, the federal district court noted that, "[w]hile our Federal Rules are liberally construed, they do not permit such expansion as to include the joinder of totally unrelated events into one single litigation." *Id.*

Defendants/Third-Party Plaintiffs further argue that, in light of Plaintiff's "claim of identical injuries arising from both the September 14, 2014 accident and the September 29, 2014 accident and the temporal connection between said accidents," they are entitled to indemnification and contribution for any damages resulting from the instant case. [ECF No. 49 ¶ 9]. This Court finds that Defendants/Third-Party Plaintiffs are not entitled to indemnification or contribution, and, therefore, that the Third-Party Complaint must be dismissed.

**A. Indemnification**

Under Pennsylvania law,[1] the right to indemnification arises "only from those who are primarily liable to those who are merely secondarily or vicariously liable." *In re One Meridian Plaza Fire Litigation*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993) (citing *Pennine Resources, Inc. v. Dorwart Andrew & Company*, 639 F. Supp. 1071, 1075 (E.D. Pa. 1986)). Indemnification is "a right which inures to a person who, without active fault on his part, has been compelled, by

---

[1] "While federal law provides the procedures to be used in an impleader action, in a diversity action, courts look to state law for the requisite right of indemnification." *L'Occitane, Inc. v. Tran Source Logistics, Inc.*, No. WMN-09-2499, 2010 WL 761201, at *4 n.6 (D. Md. March 2, 2010) (citing *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc.*, 512 F.2d 890, 891 n.1 (4th Cir. 1972)). Because the actions and events that give rise to the Third Party Complaint are alleged to have occurred in Pennsylvania, this Court concludes that Pennsylvania law governs.

reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Id.* To determine whether liability is primary or secondary, this Court may consider "such factors as active or passive negligence and knowledge of an opportunity to discuss or prevent the harm." *Id.* (citing *Di Pietro v. Philadelphia*, 496 A.2d 407, 409-10 (Pa. 1985)). Indemnification, however, is not proper "simply because another party bears some fault." *Rich v. Brandywine Ins. Advisors, LLC*, Civil Action No. 16-3965, 2017 WL 961002, at *3 (E. D. Pa. March 10, 2017) (quoting *Merrill Lynch v. Staiman*, 771 F. Supp. 102, 105 (E.D. Pa. Aug. 15, 1991)).

Defendants/Third-Party Plaintiffs have failed to articulate any substantive basis for indemnification from Third-Party Defendants. *See Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845-46 (M.D. Pa. 1985). First, the Third-Party Complaint does not allege any legal relationship whereby Third-Party Defendants would be liable for the conduct of Defendants/Third-Party Plaintiffs. *See Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. May 2, 2000) (finding no right of indemnity while noting, "Nothing in the instant third-party complaint indicates the existence of a relationship between the [defendants/third-party plaintiffs] and the [third-party defendants] that . . . would legally require the [defendants/third-party plaintiffs] to pay damages for which the [third-party defendants] were primarily liable."). Moreover, Defendants/Third-Party Plaintiffs may not seek indemnification where they had some "active fault" for Plaintiff's injuries. *See In re One Meridian Plaza Fire Litigation*, 820 F. Supp. at 1496; *see also Rich*, 2017 WL 961002, at *4. Here, Plaintiff's Complaint adequately alleges that Defendants'/Third-Party Plaintiffs may be liable for Plaintiff's injuries as a result of "their own independent acts or omissions." *Morris*, 192 F.R.D. at 489; *see also Sirianni v. Nugent Bros., Inc.*, 506 A.2d 868, 871 (Pa. 1986) ("[A] court must look to whether the party seeking indemnity

had any part in causing the injury.") (citation omitted). Thus, Defendants/Third-Party Plaintiffs are not entitled to indemnification from Third-Party Defendants.

   B.  **Contribution**

Pennsylvania law "permits contribution among joint tortfeasors." *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 846 (M.D. Pa. 1985) (citing 42 Pa. Cons. Stat. Ann. § 8324(a)). Joint tortfeasors constitute "two or more persons jointly or severally liable in tort for the same injury to persons or property . . . ." *Mattia v. Sears, Roebuck & Co.*, 531 A.2d 789, 791 (Pa. 1987) (citing 42 Pa. Cons. Stat. Ann. 8322)). "Two actors are jointly liable for an injury if their conduct 'causes a single harm which cannot be apportioned … even though [the actors] may have acted independently.'" *Id.* (citing *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. 1984)). In considering joint and several liability, courts consider various factors, including:

> the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place, or result; whether the injury is direct and immediate, rather than consequential; responsibility of the defendants for the same *injuria* as distinguished from the *damnum.*

*Morris*, 192 F.R.D. at 490 (citation omitted).

After considering these factors, this Court concludes that Defendants/Third-Party Plaintiffs and Third-Party Defendants are not joint tortfeasors. First, the evidence required to establish Third-Party Defendants' liability would be entirely different than the evidence required to prove the allegations set forth in Plaintiff's Complaint. *See id.* Moreover, the actions and events giving rise to Plaintiff's Complaint and the Third-Party Complaint took place at different times and at different locations. *See id.*; *see also Tesch v. United States*, 546 F. Supp. 526, 530 (E.D. Pa. 1982) (holding that contribution was not appropriate when the original complaint and third-party complaint were "separate and distinct causes of action committed by different

persons, . . . at clearly severable times with neither party having the opportunity to guard against the other's acts"); *Rodich v. Rodich*, 218 A.2d 816, 817 (Pa. 1966) (declining to join two causes of actions that arose from two separate car accidents occurring within minutes of each other and causing similar injuries to the plaintiff). Defendants/Third-Party Plaintiffs, therefore, are not entitled to contribution from Third-Party Defendants.

### III. CONCLUSION

For the reasons set forth above, this Court will grant Third-Party Defendants' Motion to Dismiss the Third-Party Complaint. This Court will hold a telephone conference with counsel at 1:00PM on Friday, March 2, 2018, to discuss scheduling going forward. A separate order will issue.

Dated: February 22, 2018  /s/
Stephanie A. Gallagher
United States Magistrate Judge